UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**LAURA BANNER,**

    **Plaintiff,**

v.                                    CASE NO.:

**MIKE & MIKE SERVICES, INC.,**
**AND MICHAEL SHANE LOYD,**

    **Defendants.**

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, LAURA BANNER, by and through undersigned counsel, brings this action against Defendants, MIKE & MIKE SERVICES, INC. ("Mike Services"), and MICHAEL SHANE LOYD ("Loyd"), and in support of her claims states as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq., and the Florida Private Whistleblower Act ("FPWA"), Fla. Stat. § 448.102, and for unpaid wages under Florida common law.

2. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 216(b), and 29 U.S.C. § 2617(a)(2), and

supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state-law claims because those claims are so related to the FLSA and FMLA claims that they form part of the same case and controversy under Article III of the United States Constitution.

3. Venue is proper in the Middle District of Florida because the events giving rise to these claims occurred in Charlotte County, Florida, which is in this District.

## PARTIES

4. Plaintiff is a resident of Sarasota County, Florida, and she worked for Defendants in Charlotte County, Florida.

5. Defendant Mike Services is a Florida Corporation offering electrical and related services throughout the State of Florida, including in Charlotte County, Florida, where it employed Plaintiff.

6. Defendant Loyd is an owner, officer, and/or managing agent of Mike Services, who exercised operational control over Plaintiff's employment, including authority over compensation, job duties, work schedules, and termination, and is individually liable as an employer under the FLSA.

7. At all relevant times, Defendants jointly employed Plaintiff and operated as a single and/or integrated enterprise with respect to Plaintiff's employment. Defendants shared and exercised control over Plaintiff's work, pay

practices, and terms and conditions of employment, and are jointly and severally liable for the violations alleged herein.

## GENERAL ALLEGATIONS

8. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

9. At all times material hereto, Defendants were "employers" within the meaning of the FLSA, 29 U.S.C. § 203(d).

10. Defendants continue to be "employers" within the meaning of the FLSA.

11. At all times material hereto, Defendants were and continue to be enterprises covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s).

12. At all times relevant to this action, Defendants were engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

13. At all times relevant to this action, the annual gross sales volume of Defendants exceeded $500,000 per year.

14. At all times material hereto, Plaintiff was an employee of Defendants, and she worked at least 1250 hours in the 12 months preceding her request for leave under the FMLA.

15. Thus, Plaintiff was an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

16. Upon information and belief, Defendants employed or jointly employed at least fifty (50) individuals within a seventy-five (75) mile radius during the relevant period, including individuals improperly classified as independent contractors or paid through payroll despite not being treated as employees. Thus, at all times material hereto, Defendants were an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

17. At all times material hereto, Defendants were "employers" within the meaning of the FPWA, Section 448.101(3), Fla. Stat.

18. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the FPWA, Section 448.101(2), Fla. Stat.

19. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

20. Plaintiff has satisfied all conditions precedent, or they have been waived.

21. Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

22. Plaintiff requests a jury trial for all issues so triable.

## FACTS

### *Employment History and Misclassification*

23. Plaintiff began working for Defendants on or about February 26, 2019, as an Office Manager.

24. Plaintiff performed high-volume administrative and operational work, including bookkeeping, payroll processing, vendor management, insurance coordination, onboarding, and administrative support.

25. Despite her title, Plaintiff did not exercise independent managerial authority.

26. Plaintiff was paid a fixed salary of approximately $82,500 per year and was classified by Defendants as exempt from overtime.

27. While Plaintiff's schedule evolved over the course of her employment, she consistently worked more than forty (40) hours per week, with excessive hours becoming particularly pronounced during the final years of her employment as Defendants' workload expanded without additional staffing.

28. Plaintiff routinely worked through breaks and was required to remain available outside normal business hours, respond to work-related communications, and perform work during evenings and weekends.

29. Defendants did not require Plaintiff to track her hours and did not maintain records of the hours she worked.

30. Despite regularly working more than forty hours per week, Plaintiff was not paid overtime compensation.

31. Plaintiff lacked authority to hire or fire employees, discipline or make recommendations regarding staff, independently set schedules, manage budgets, or make binding operational or financial decisions.

32. All significant decisions required approval from Loyd or other owners and Plaintiff primarily carried out directives rather than exercising independent discretion.

33. Plaintiff did not possess an advanced degree, specialized license, or professional certification related to her job duties.

34. Plaintiff was economically dependent on Defendants and performed primarily non-discretionary work pursuant to Defendants' instructions.

35. Plaintiff was improperly classified as exempt under the FLSA and was denied overtime compensation for all hours worked over forty in a workweek.

### *Maternity Leave and FMLA Interference*

36. In or around December 2022, Plaintiff took maternity leave following the birth of her child.

37. During Plaintiff's maternity leave, Loyd contacted Plaintiff almost daily and required her to continue performing work duties.

38. When Plaintiff did not immediately respond to Loyd's calls, other employees were directed to contact her to ensure work was completed.

39. Loyd specifically required Plaintiff to continue processing payroll during her maternity leave.

40. Loyd stated that Plaintiff was required to work during maternity leave because he did not want others to discover that he was paying non-employees, including his wife and another owner's wife, through the company payroll.

41. At no point did Defendants inform Plaintiff that she could decline to perform work during her maternity leave without adverse consequences. To the contrary, Plaintiff was made to feel that refusal or delay in completing assigned tasks could jeopardize her job upon return from leave.

42. Plaintiff was not properly or fully compensated for the work she performed during her maternity leave.

### *Protected Activity*

43. Throughout her employment, Loyd directed Plaintiff to engage in accounting and payroll practices that Plaintiff reasonably believed were improper or unlawful, including but not limited to:

    a. misclassifying personal expenses as business expenses in company accounting records;

    b. inflating invoices to conceal cash payments;

    c. placing non-employees on the company payroll and to continue paying those individuals during the COVID-19 pandemic while they were also receiving Paycheck Protection Program funds; and

    d. directing Plaintiff to alter company records to reflect a false address in furtherance of Loyd's misrepresentation of his Florida residency to reduce or avoid tax obligations.

44. Plaintiff repeatedly objected to these practices and expressed concern about their legality.

45. When Plaintiff objected to inflating invoices, Loyd lied to the company's attorney and certified public accountant regarding the practice.

### *Pretextual Investigation and Protected Disclosures*

46. In or around September 2025, Loyd directed Plaintiff to send a company-wide email requiring all QuickBooks deletions and voids to be routed through Plaintiff.

47. Plaintiff complied with this directive.

48. In November 2025, Defendants retained an external forensic accounting vendor to investigate Plaintiff's handling of deletions and voids.

49. The investigation was initiated as a pretext to target Plaintiff after her objections and disclosures.

50. During the investigation, the investigator informed Plaintiff that Loyd had attempted to pressure the investigator to falsely accuse Plaintiff of misconduct involving a QuickBooks charge of approximately $31,000.

51. The investigator refused and instead conducted an independent investigation.

52. The investigation cleared Plaintiff of wrongdoing and identified Defendants' accounting practices as non-compliant and potentially fraudulent.

53. Plaintiff truthfully cooperated with the investigation and disclosed that she had been directed to engage in improper accounting practices.

54. Plaintiff informed the investigator that she would no longer participate in practices she reasonably believed to be unlawful.

### *Retaliation, Unpaid Leave, and Termination*

55. On or about November 18, 2025, Plaintiff requested and received approval for leave to care for her husband, who also worked for Defendants, who contemporaneously requested short-term disability leave for his medical condition.

56. On that same day, Plaintiff met with Defendants to review the investigation findings.

57. Defendants reacted with anger after learning the investigator had identified their practices rather than implicating Plaintiff.

58. On or about November 20, 2025, Plaintiff was locked out of all company systems.

59. On that same day, just two days after he sought short-term disability leave and Plaintiff requested leave to care for him, Defendants terminated Plaintiff's husband.

60. The next day, November 21, 2025, Plaintiff was placed on unpaid administrative leave under false pretenses.

61. Plaintiff remained on unpaid administrative leave from November 21, 2025 through December 8, 2025.

62. Although Defendants later claimed that Plaintiff's termination occurred on December 4, 2025, Plaintiff was not informed of any termination until December 8, 2025, and reasonably believed she remained employed until that date.

63. On December 8, 2025, Loyd terminated Plaintiff, falsely claiming issues with her financial management.

64. Defendants treated other employees who engaged in misconduct, or who took leave more favorably than Plaintiff.

65. For example, an employee convicted of theft was later rehired and financially supported by Defendants, whereas Plaintiff, who disclosed unlawful practices and exercised protected rights, was subjected to investigation, unpaid leave, and termination.

*Post-Termination Conduct and Continued Retaliation*

66. Following her termination, Plaintiff discovered that Defendants continued attempting to access her personal computer systems, causing significant distress and requiring her to demand that such access cease.

67. Defendants delayed payment of Plaintiff's final wages and denied access to pay records.

68. Defendants threatened to withhold Plaintiff's final paycheck unless she returned personal property.

69. Defendants refused to provide the port-out PIN for Plaintiff's personal cell phone number.

70. Plaintiff was not paid accrued paid time off, insurance reimbursement, or wages for unpaid administrative leave.

## COUNT I – FLSA OVERTIME VIOLATION

71. Plaintiff realleges and readopts the allegations of paragraphs 1 through 70 of this Complaint, as fully set forth herein.

72. During the statutory period, Plaintiff worked overtime hours while employed by Defendants, and she was not properly compensated for all of these hours in accordance with the FLSA.

73. Defendants failed to compensate Plaintiff for all the overtime hours that Plaintiff worked.

74. This reckless practice violates the provisions of the FLSA, specifically 29 U.S.C. § 207(a)(1). As a result, Plaintiff is entitled to an amount equal to her unpaid overtime wages as liquidated damages.

75. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

76. As a result of the foregoing, Plaintiff has suffered damages and was injured by Defendants' violations of the FLSA.

**WHEREFORE**, Plaintiff demands:

(a) Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

(b) Judgment against Defendants stating that Defendants' violations of the FLSA were willful;

(c) An equal amount to Plaintiff's overtime damages as liquidated damages;

(d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

(e) A declaratory judgment that Defendants' practices as to Plaintiff were unlawful, and grant Plaintiff equitable relief;

(f) All costs and attorney's fees incurred in prosecuting these claims; and

    (g)    For such further relief as this Court deems just and equitable

## COUNT II – FLSA RETALIATION

77. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 70 of this Complaint, as fully set forth herein.

78. By complaining about and refusing to participate in Defendants' unlawful pay practices, Plaintiff engaged in protected activity under the FLSA.

79. By subjecting Plaintiff to an investigation, unpaid leave, and ultimately termination, Defendants retaliated against Plaintiff for engaging in protected activity under the FLSA.

80. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

81. Plaintiff was injured due to Defendants' violations of the FLSA.

**WHEREFORE**, Plaintiff demands:

    (a)    A jury trial on all issues so triable;

    (b)    That process issue and that this Court take jurisdiction over the case;

    (c)    That this Court enter a judgment, stating that Defendants retaliated against Plaintiff in violation of the FLSA;

    (d)    Compensation for lost wages, benefits, and other remuneration;

    (e)    Compensatory damages, including emotional distress, allowable at law; and;

    (f)    For such further relief as this Court deems just and equitable.

## COUNT III - UNPAID WAGES UNDER FLORIDA COMMON LAW

82. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 70 of this Complaint, as fully set forth herein.

83. During the statutory period, Plaintiff worked for Defendants, and Defendants agreed to pay Plaintiff for her services.

84. Defendants failed to pay Plaintiff all "wages" owed to Plaintiff, including but not limited to during the November 21, 2025 through December 8, 2025 administrative leave.

85. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

    (a)    A jury trial on all issues so triable;

    (b)    That process issue and that this Court take jurisdiction over the case;

    (c)    Judgment against Defendants for an amount equal to Plaintiff's unpaid wages;

    (d)    All costs and attorney's fees incurred in prosecuting these claims, in accordance with Fla. Stat. § 448.08;

(e) For such further relief as this Court deems just and equitable.

## COUNT IV – FMLA RETALIATION

86. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 70 of this Complaint, as fully set forth herein.

87. Plaintiff required time off from work to care for her husband who suffered from a serious health condition within the meaning of the FMLA, requiring Plaintiff to take protected leave under the FMLA.

88. Plaintiff engaged in protected activity under the FMLA by exercising her FMLA rights.

89. Defendants retaliated against Plaintiff for engaging in protected activity under the FMLA by subjecting Plaintiff to investigation, unpaid leave, and termination.

90. Defendants' actions were willful and done with malice.

91. Plaintiff was injured by Defendants' violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) That this Court enter a judgment, stating that Defendants retaliated against Plaintiff in violation of the FMLA;

(d) An injunction restraining continued violation of the FMLA by Defendants;

(e) Compensation for lost wages, benefits, and other remuneration;

(f) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendants and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendants' violations of the FMLA;

(g) Front pay;

(h) Liquidated Damages;

(i) Prejudgment interest on all monetary recovery obtained;

(j) All costs and attorney's fees incurred in prosecuting these claims;

(k) For such further relief as this Court deems just and equitable.

## COUNT V – FMLA INTERFERENCE

92. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 70 of this Complaint, as fully set forth herein.

93. Plaintiff required time off from work to care for her husband because he suffered from a serious health condition within the meaning of the FMLA, requiring Plaintiff to take protected leave under the FMLA.

94. Plaintiff engaged in protected activity under the FMLA by exercising her FMLA rights.

95. Defendants subjected Plaintiff to investigation, unpaid leave, and termination. Thus, Plaintiff's use of her FMLA leave was unlawfully held against her, interfering with her FMLA rights, in violation of 29 U.S.C. §§ 2614(a)(1)(A) and 2615(a)(2).

96. Defendants' actions were willful and done with malice.

97. Plaintiff was injured by Defendants' violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) That this Court enter a judgment, stating that Defendants interfered with Plaintiff's rights in violation of the FMLA;

(d) An injunction restraining continued violation of the FMLA by Defendants;

    (e)    Compensation for lost wages, benefits, and other remuneration;

    (f)    Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendants and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendants' violations of the FMLA;

    (g)    Front pay;

    (h)    Liquidated Damages;

    (i)    Prejudgment interest on all monetary recovery obtained;

    (j)    All costs and attorney's fees incurred in prosecuting these claims;

    (k)    For such further relief as this Court deems just and equitable.

### **COUNT VI – FPWA**

98. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 70 of this Complaint, as fully set forth herein.

99. Plaintiff opposed and refused to participate in Defendants' violations of wage-and-hour laws, including the Fair Labor Standards Act, 29 U.S.C. §§ 201–219, by objecting to, declining to carry out, and seeking to correct Defendants' unlawful

payroll and compensation practices, thereby engaging in protected activity under the FPWA.

100.   Defendants retaliated against Plaintiff for engaging in protected activity under the FPWA by subjecting her to investigation, unpaid leave, and termination.

101.   Plaintiff was injured by Defendants' violations of the FPWA, for which she is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a)   A jury trial on all issues so triable;

(b)   That process issue and that this Court take jurisdiction over the case;

(c)   Judgment against Defendants in the amount of Plaintiff's lost wages, benefits, and other remuneration;

(d)   Any other compensatory damages allowable at law;

(e)   All costs, attorney's fees, and reasonable expenses incurred in prosecuting these claims, in accordance with Fla. Stat. §448.104;

(f)   Prejudgment interest on all monetary recovery obtained;

(g)   All costs and attorney's fees incurred in prosecuting these claims;

(h)   For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated February 13, 2026.

                              Respectfully submitted,

                              */s/ Ashwin R. Trehan*
                              **ASHWIN R. TREHAN**
                              Florida Bar No. 42675
                              **CANTRELL SCHUETTE, P.A.**
                              401 E. Jackson St, Ste. 2340
                              Tampa, FL 33602
                              Phone No.: (813) 519-0791
                              Email: atrehan@lawcantrell.com
                              Email: paralegal@lawcantrell.com
                              **Attorneys for Plaintiff**